UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BRIAN DODD,<br><br>          Plaintiff,<br><br>  vs.<br><br>SAM JENKINS; and LEAPS PROGRAM,<br><br>         Defendants. | CIV. 18-5084-JLV<br><br><br>ORDER |

## INTRODUCTION

Plaintiff Brian Dodd, appearing *pro se*, filed a complaint against defendants Sam Jenkins and the LEAPS Program alleging defendants "repeatedly infringed on Plaintiff's copyrighted works" and "repeatedly violated the U.S. EEOC Settlements[.]" (Docket 1 at p. 4). Plaintiff also filed a motion to proceed *in forma pauperis*. (Docket 2). The court grants plaintiff *in forma pauperis* status but dismisses his complaint in part.

## I.     *In Forma Pauperis* Status

Section 1915(a)(1) of Title 28 of the United States Code directs the court to authorize the commencement of a civil action without prepayment of fees upon proof of plaintiff's inability to pay. 28 U.S.C. § 1915(a)(1). In his declaration, plaintiff indicates he is currently unemployed and receives disability payments of $770 per month. (Docket 3). The court finds plaintiff is

indigent within the meaning of § 1915(a)(1) and grants him leave to proceed *in forma pauperis*.

## II.     Complaint Screening

### A.     Legal standard

Because plaintiff is proceeding *in forma pauperis*, the court must screen his complaint pursuant to 28 U.S.C. § 1915.  That statute provides:

> Notwithstanding any filing fee, . . . the court shall dismiss the case at any time if the court determines that--
>
> . . .
>
> (B) the action or appeal—
>
> > (i)     is frivolous or malicious;
> >
> > (ii)    fails to state a claim on which relief may be granted; or
> >
> > (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  Subsection (e)(2) allows the court to *sua sponte* review a complaint filed with an *in forma pauperis* application to determine if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant or defendants who are immune from such relief.

To survive the screening process, a *pro se* plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Two "working principles" underlie Rule 12(b)(6) analysis.  See Iqbal, 556 U.S. at 678.  First, courts are not required to accept as true legal conclusions "couched as . . . factual allegation[s]" in the complaint.  See id.  "[A] complaint must allege 'more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " Torti v. Hoag, 868 F.3d 666, 671 (8th Cir. 2017) (quoting Twombly, 550 U.S. at 555). The court does, however, "take the plaintiff's factual allegations as true." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 678 (citation omitted). The complaint is analyzed "as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594. The court "will not mine a lengthy complaint searching for nuggets that might refute obvious pleading deficiencies." Neubauer v. FedEx Corp., 849 F.3d 400, 404 (8th Cir. 2017) (quotations omitted).

In applying these principles, the court must construe plaintiff's *pro se* complaint liberally. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Jackson v. Nixon, 747 F.3d 537, 544 (8th Cir. 2014) (internal quotation marks omitted). The complaint "still must allege sufficient facts to support the claims advanced." Stone, 364 F.3d at 914.

## B. Analysis

In the "Statement of Claim" section of his preprinted form complaint,

plaintiff alleges:

> Defendants promised and agreed in writing to assist Plaintiff however the Defendants have not at all assisted Plaintiff but instead the Defendants have repeatedly infringed on Plaintiff's copyrighted works. In addition, the Defendants have repeatedly violated the U.S. EEOC Settlements the Defendants signed, stipulated, dated and agreed to.

(Docket 1 at p. 4). In the earlier "Basis for Jurisdiction" section of the

complaint, plaintiff also states defendants are infringing on his "copyright

registered works."[1] Id. at p. 3. He further states defendants are violating the

Americans with Disability Act and a "federal or international treaty" the name

of which he "is not permitted by law to reveal[.]" Id. In attachments to the

complaint, plaintiff provided: e-mails between him and defendant Sam Jenkins;

documents purporting to establish plaintiff's copyright of an "electronic file"

entitled "Anonymity: History of Straight Incorporated" and a film entitled

"Surviving Straight, Incorporated"; and screenshots of a website describing and

offering for sale items purportedly authored or made by plaintiff. (Dockets 1-1,

1-2 & 1-3). Plaintiff also filed settlement documents from the United States

Equal Employment Opportunity Commission ("EEOC") entitling him to

academic accommodation. (Dockets 1-4 & 1-5). Defendant Jenkins, as

---

[1]Plaintiff checked a box indicating he was asserting diversity jurisdiction but filled out the sections for both diversity and federal question jurisdiction. (Docket 1 at p. 3).

Director for Christian Counseling for the LEAPS Program signed the documents. Id.

Plaintiff's complaint, when read in conjunction with the attachments, states a claim of copyright infringement, if only barely. In the e-mails plaintiff filed, he asks the defendants to remove his "property that is copyrighted"—which he identifies as books—from their "film festival website." (Docket 1-1 at p. 1). The provided screenshots show a website offering books written by plaintiff for sale by "Sam Jenkins' LEAPS Program, Sovereign House and The Freedom Film Festival" with "[p]urchase cost . . . given 100% back to the author[.]" (Docket 1-3 at p. 3). Construing plaintiff's complaint liberally and in conjunction with the attachments, the court cannot say it is wholly implausible that plaintiff owns the copyrights to the books attributed to his ownership and listed for sale on a website that, on its face, is connected in some way to defendants. A copyright owner has the "exclusive rights . . . to distribute copies . . . of the copyrighted work to the public by sale[.]" 17 U.S.C. § 106(3). The court will allow plaintiff's copyright infringement claim to proceed.

Plaintiff's claim regarding the EEOC settlement, however, fails to state a claim upon which relief can be granted. Although *pro se* complaints are to be construed liberally, "they still must allege sufficient facts to support the claims advanced." Stone, 364 F.3d at 914. In his e-mail to defendant Jenkins, plaintiff alleges defendant violated the EEOC settlement by failing to "help [plaintiff] gain accommodations, assistance, and to become whole[.]" (Docket 1-1 at p. 1). In the complaint, plaintiff merely states defendants "repeatedly

violated" the settlement. (Docket 1 at p. 4). These allegations are wholly insufficient to state any claim and must be dismissed.

## ORDER

Accordingly, it is

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Docket 3) is granted. Plaintiff may prosecute this action to its conclusion without prepayment of costs or fees. Any recovery in this action by plaintiff shall be subject to the repayment of costs and fees, including service of process fees and the $400 filing fee.

IT IS FURTHER ORDERED that plaintiff's claim related to defendants' alleged violation of an EEOC settlement is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff shall complete and send to the Clerk of Court summonses and USM-285 forms for each defendant. Upon receipt of the completed summonses and USM-285 forms, the Clerk of Court will issue a summons for each defendant. If the completed summonses and USM-285 forms are not submitted by plaintiff as directed, the complaint may be dismissed. The United States Marshal shall serve the completed summons with a copy of the complaint and this order upon each of the defendants. The United States will advance the costs of service.

IT IS FURTHER ORDERED that plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon their attorney(s), a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of

Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by the court which has not been filed with the Clerk of Court or which fails to include a certificate of service will be disregarded by the court.

IT IS FURTHER ORDERED that defendants shall serve and file an answer or responsive pleading to the complaint, together with a legal brief or memorandum in support, on or before twenty-one (21) days following the date of service.

Dated August 5, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY VIKEN
CHIEF JUDGE